IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01124-ZLW-MJW

OUSMANE HAMADY SY,

Petitioner,

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

---

**RECOMMENDATION ON
RESPONDENT'S MOTION TO DISMISS (Docket No. 21)
and
APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 (Docket No. 2)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter was referred to the undersigned pursuant to an Order of Reference to Magistrate Judge issued by Senior Judge Zita L. Weinshienk on June 19, 2007. (Docket No. 6).

Before the court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 2). Petitioner is an alien under a final order of removal. In his Application, he complains about his continued confinement at the Immigration and Customs Enforcement ("ICE") Detention Facility in Aurora, Colorado. He claims he has repeatedly asked that he be deported to his home country, has signed all documents presented to him in order for ICE to obtain travel documents, and has pleaded to be released. He requests the following relief: "Order ICE and its officials to RELEASE me immediately." (Docket No. 2 at 5).

Respondent filed a Return to that Application. (Docket No. 14). With its Return, respondent submitted a Declaration of Ronald Strong, a Deportation Officer for the United States Department of Homeland Security, ICE, Denver Field Office, in which he states the following. (Docket No. 14-3). Petitioner was ordered removed on September 24, 2002, the IJ's decision was affirmed by the Board of Immigration Appeals on March 29, 2004, and petitioner's removal order became final as of that date. (Docket No. 14-3 at 2, ¶ 3). Petitioner has been in the custody of ICE since November 11, 2006. Petitioner claims to be a native and citizen of Mauritania, and according to the respondent, ICE has been unable to confirm that representation, and the petitioner has been unable to produce documentation of his identity of nationality. (Docket No. 14-3 at 2, ¶¶ 5-7). In addition, it is asserted that the petitioner used a false identity in an attempt to gain an immigration benefit (Docket No. 14-3 at 2, ¶ 8), although neither Officer Strong nor the respondent has provided any further information or documentation in support of that allegation. It is also asserted that because the petitioner is unable to provide specific information concerning his identity and country of origin, ICE has been unable to investigate his nationality and citizenship in order to procure a travel document, which is necessary for him to depart the United States. (Docket No. 14-3 at 2, ¶ 9).

Petitioner, however, states in his Application that when ICE officials "stormed" his home, his "international travelling passport" was seized. (Docket No. 2 at 2). In addition, petitioner contends that he has "cooperated and complied with the ICE authorities since my being confined. I have repeatedly asked that I be deported back to my home country . . . ." (Docket No. 2 at 2). He states that he has "agreed and signed

all documents presented to me by Mr. Alejandro Almeida (D.P.O.). In my sole intent to cooperate with the INS in order for them obtain my travel documents. . . ." (Docket No. 2 at 3). Furthermore, in a letter attached to the Application, petitioner states that he was

> born on May 10 1972 at Rosso in Mauritania in West Africa. . . . Since my detention I have always cooperated with my deportation officer as far as helping him get my travel documents. He called my counsel general in my presence and had me speak to them. I was asked by my counsel general why I wanted to go home. I told my counsel that I was being detained for deportation because I had applied for asylum and it was denied and I was ordered deported. My counsel general stated to me since I have applied for asylum and stated bad things about his country he does not care about my welfare and as a matter of fact the counsel's office does not even know me. When I left Mauritania I was just 16 years old and did not have any form of identification from there except my birth certificate which I provided to my deportation officer. I was directed by Officer Almeida to call my mother who is currently residing in Sengal to ask her to contact Mauritania for my travel documents. However my mom has problems with Mauritania and she cannot contact them for my travel documents. We have nothing in Maruitania and have no relatives who currently live there. Officer Almeida stated that he does not care and until and unless I get him some form of photo identification showing that I am from Mauritania, he will hold me in detention as long as he can for up to 4 to 10 years. . . .

(Docket No. 2 at 6) (emphasis added).

No mention of such birth certificate was made in the respondent's Return, and petitioner did not fully and adequately explain why his mother cannot contact Mauritania for his travel documents. Accordingly, based on the above, this court found that there was inadequate and conflicting information before the court, and therefore a hearing and argument on the Application was warranted. Consequently, this court set a hearing and oral argument for August 5, 2008, at 1:30 p.m. on the petitioner's Application (Docket No. 2) during which testimony was to be heard and evidence could be presented. (Docket No. 16). A writ of habeas corpus ad testificandum was issued for the petitioner's appearance at that proceeding. (Docket No. 18).

Petitioner's copies of the order setting the hearing and the writ were returned as undeliverable. (Docket Nos. 19 and 20).

The day before the hearing date, the respondent filed a Motion to Dismiss (Docket No. 21) in which the court was advised that the petitioner was released on August 30, 2007, and is no longer in the custody of the Department of Homeland Security. Respondent asserts that while the petitioner remains under a final order of removal, in his Application he sought no relief other than release from custody. Respondent thus asserts that the petitioner's claim is moot.

Based on this information, this court vacated its August 5, 2008, hearing (Docket No. 23), and directed the petitioner to file a response to the Motion to Dismiss on or before August 27, 2008, and to forthwith comply with D.C.COLO.LCivR 10.1 by immediately filing a change of address and telephone number with the court (Docket No. 24). Petitioner has not complied with that court order; no response to the Motion to Dismiss was filed, nor did petitioner file a change of address.

Respondent correctly notes that the only relief petitioner sought in his Application was his release from civil immigration detention by the Department of Homeland Security. (Docket No. 2 at 5 - "I request the following relief: Order ICE and its officials to <u>RELEASE</u> me immediately."). Respondent thus correctly asserts that petitioner's claim is moot, and this action should be dismissed. Petitioner does not challenge the final order of removal. No case or controversy continues to exist. <u>See</u> <u>Riley v. I.N.S.</u>, 310 F.3d 1253, 1256 (10th Cir. 2002) (listing exceptions to mootness doctrine, none of which apply in the instant case); <u>Quacoe v. Maurer</u>, 2006 WL 2038014 (D. Colo. June 13, 2006). Petitioner has not filed any opposition or response to the Motion to Dismiss.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss (Docket No. 21) be granted and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 2) be denied and dismissed as moot. It is further

**ORDERED** that the Clerk of Court shall mail a copy of this Recommendation to the petitioner at the following address:

> Ousmane Hamady Sy
> 15402 East Arizona Avenue
> Aurora, CO 80017

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: September 2, 2008  
      Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge